**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **Doe**<br>**Plaintiffs,** | : | **Civil Action No. 1:26-cv-00334** |
| **v.** | : | |
| **ISLAMIC REVOLUTIONARYGUARD CORPS et al.**<br>**Defendants.** | : | |

**PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE BY ELECTRONIC MAIL AND TO DEEM SERVICE COMPLETE UPON DEFENDANTS**

## INTRODUCTION

Plaintiff respectfully moves this Court for an order: (1) authorizing service upon Defendants Islamic Republic of Iran, the Islamic Revolutionary Guard Corps ("IRGC"), and the Ministry of Intelligence and Security ("MOIS") by electronic mail; and (2) in the alternative, deeming service complete upon all Defendants pursuant to *Flatow v. Islamic Republic of Iran*, 999 F. Supp. 1 (D.D.C. 1998), and *Weinstein v. Islamic Republic of Iran*, 184 F. Supp. 2d 13 (D.D.C. 2002).

This motion is prompted by a material change in circumstances: on March 11, 2026, the U.S. Department of State formally confirmed that the Swiss Embassy's Foreign Interests Section in Tehran is "temporarily closed until further notice" and that "*service upon Iranian defendants under Sec. 1608(a)(4) is not possible at this time*." *See* Exhibit A (State Department correspondence). The statutory mechanism for diplomatic service has been shut down by the agency Congress tasked with administering it. Under these circumstances, service by electronic mail is the only practicable means of providing notice to Defendants.

# I. BACKGROUND

## A. Procedural History

On April 13, 2026, Chief Judge Boasberg granted Plaintiff's motion to proceed under the pseudonym "Farshid Doe." *See* ECF No. 5 (Mem. Op. & Order).

The United States, Israel, and Iran commenced military operations in the Iranian theater on or about February 28, 2026. The Iranian postal service has been nonoperational since that time, and the Swiss embassy is presently closed in Tehran.

To date, service through diplomatic channels has not been completed. On March 11, 2026, Plaintiff received the attached correspondence from the State Department confirming that diplomatic service is no longer possible.

## B. The State Department's Confirmation

The State Department's March 11, 2026 correspondence states, in relevant part: "While the Embassy of the Swiss Confederation is serving as protecting power for U.S. interests in Iran, the Foreign Interests Section is temporarily closed until further notice. Given the security situation in Iran, *service upon Iranian defendants under Sec. 1608(a)(4) is not possible at this time*."

The State Department further confirmed that it is unable to provide "a precise timetable for when service may be accomplished." *Id.*

This closure is a direct consequence of the ongoing military conflict between the United States and Iran, which commenced on February 28, 2026, and has resulted in the deaths of Iran's Supreme Leader, the commander of the IRGC, and numerous other senior Iranian officials.

## C. The Impossibility of Traditional Service Methods

As a result of the current hostilities, all traditional methods of service upon Iranian defendants are now unavailable:

***Certified Mail:*** On March 3, 2026, the United States Postal Service suspended all mail service to Iran, stating: "The Postal Service™ has temporarily suspended acceptance of items destined to Iran due to logistics impacts resulting from the conflict in the Middle East." *See* Exhibit C (USPS International Service Disruptions — Iran, printed April 20, 2026). Even before the conflict, Iran consistently refused certified mail service in FSIA cases. Certified mail is not a viable option.

***Diplomatic Channels:*** As confirmed by the State Department, the Swiss Embassy's Foreign Interests Section—the sole mechanism for diplomatic service—is closed until further notice. The Swiss government's own website confirms: "The Swiss embassy in Tehran is temporarily closed. Due to the volatile situation, it is currently not foreseeable when consular services will resume." *See* Exhibit D (Embassy of Switzerland in Iran, https://www.eda.admin.ch/tehran , printed April 20, 2026). Iranian airspace and airports remain closed. Diplomatic service is impossible.

***Physical Delivery:*** The United States is actively engaged in military operations against Iran. Physical delivery of process to Iranian government offices is obviously impossible.

Under these extraordinary circumstances, electronic mail represents the only practicable means of providing notice to Defendants.

## II. LEGAL STANDARD

The FSIA establishes a hierarchical framework for service upon foreign states. 28 U.S.C. § 1608(a). However, where the prescribed methods have been exhausted or are unavailable, courts have inherent authority to fashion alternative means of service consistent with due process. *See Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) (due process requires only that service be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action").

Where a foreign state has refused service and diplomatic channels are unavailable, courts in this District have consistently deemed service complete. *See Flatow*, 999 F. Supp. at 12 (deeming service complete where Iran refused to accept service through diplomatic channels); *Weinstein*, 184 F. Supp. 2d at 19-20 (same); *Brewer v. Islamic Republic of Iran*, 664 F. Supp. 2d 43, 49-50 (D.D.C. 2009) (same).

Courts have recognized email as an appropriate method of alternative service where traditional methods are unavailable. *See, e.g., Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002) (approving email service where defendant was "elusive" and traditional methods ineffective); *F.T.C. v. PCCare247 Inc.*, No. 12-cv-7189, 2013 WL 841037, at *4 (S.D.N.Y. Mar. 7, 2013) (authorizing email service on foreign defendants).

Indeed, this Court has already authorized this precise form of relief in a parallel FSIA terrorism proceeding against these same Defendants. *See Mahvi v. Islamic Republic of Iran*, No. 1:25-cv-00059 (D.D.C.) (Order granting alternative service by electronic mail to iran@un.int, attached hereto as Exhibit B).

## III. ARGUMENT

### A. The State Department's Confirmation Establishes Impossibility

The State Department's formal confirmation that § 1608(a)(4) service "is not possible at this time" is dispositive. This is not argument or speculation—it is an official determination by the agency Congress designated to facilitate diplomatic service. When the State Department declares that the statutory mechanism is unavailable and cannot provide any timetable for its restoration, Plaintiff has exhausted his statutory options.

### B. Service by Electronic Mail Is Appropriate

Given the impossibility of traditional service methods, Plaintiff requests authorization to serve all Defendants by electronic mail to the Permanent Mission of the Islamic Republic of Iran to the United Nations at **iran@un.int**.

Service at this address is appropriate for all three Defendants. The Permanent Mission is the official diplomatic representation of the Islamic Republic of Iran in the United States. The IRGC and MOIS are agencies of Iran, and service upon Iran's official mission provides constructive notice to all Iranian government entities. Once received, Iranian officials can disseminate the summons and complaint to the appropriate ministries and agencies. This is consistent with the structure of 28 U.S.C. § 1608(a)(3), which directs service to "the head of the ministry of foreign affairs"—a central address from which notice flows to the relevant components of the foreign state.

Electronic mail service to Iran's UN Mission is reasonably calculated to provide actual notice under the circumstances. Iran maintains an active diplomatic presence at the United Nations and continues to communicate electronically with the international community. The Mission remains operational and staffed notwithstanding the current hostilities. Email to this address will reach officials with authority to receive communications on behalf of the Iranian government and its agencies.

This Court has already authorized this identical form of service in *Mahvi v. Islamic Republic of Iran*, No. 1:25-cv-00059 (D.D.C.), based on the same State Department correspondence and the same impossibility of diplomatic channels. The same reasoning applies with equal force here.

**C. In the Alternative, Service Should Be Deemed Complete**

If the Court declines to authorize email service, Plaintiff respectfully requests that service be deemed complete pursuant to *Flatow* and *Weinstein*. Plaintiff has exhausted all available statutory methods: certified mail was refused, and the State Department has confirmed that diplomatic service is impossible. Under the established precedent of this District, service should be deemed complete.

The rationale is clear: "[A] sovereign state should not be permitted to defeat a [plaintiff's] cause of action through the simple expedient of refusing to accept service." *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 30 F.3d 148, 154 (D.C. Cir. 1994). Here, it is not merely Iran's refusal but the closure of the diplomatic channel itself that prevents service. Plaintiff should not be penalized for circumstances entirely beyond his control.

**D. Defendants Have Actual Notice**

Due process is satisfied. Iran's twice-refused certified mail demonstrates actual knowledge of this lawsuit. The IRGC and MOIS, as agencies of Iran, are likewise on notice. Moreover, the extensive international media coverage of litigation against Iran provides additional assurance that Defendants are aware of pending claims. Defendants have made a deliberate choice not to participate—they should not be rewarded for that choice by indefinite delay of these proceedings.

## CONCLUSION

The State Department has confirmed that the statutory mechanism for diplomatic service is closed and that no timetable exists for its reopening. The Swiss Embassy has independently confirmed it is temporarily closed with no foreseeable reopening date. The U.S. Postal Service has suspended all mail to Iran. Traditional methods of service are impossible due to the ongoing military conflict. This Court has already granted identical relief in a parallel proceeding against these same Defendants. Under these extraordinary circumstances, Plaintiff respectfully requests that this Court:

(1) Authorize service upon all Defendants by electronic mail; or

(2) In the alternative, deem service complete upon all Defendants pursuant to *Flatow* and *Weinstein*; and

(3) Grant such other relief as the Court deems just and proper.

/s/Jeffrey D. Katz
Jeffrey D. Katz Bar#17071
JDKatz, P.C.
4800 Montgomery Avenue, Suite 600
Bethesda, MD 20814
Phone: (240) 743-5408
Email: Jeffrey@JDKatz.com